# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CORLIVEETHO MCMILLIAN, | : | Civil No. 1:12-CV-1707 |
| Plaintiff, | : | |
| v. | : | ( Judge Conner) |
| JEROME WALSH, et al., | : | (Magistrate Judge Carlson) |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

I. **Statement of Facts and of The Case**

A. **Procedural History**

This is a *pro se* civil rights case that was brought by a state prisoner, Corliveetho McMillian, through the filing of a civil rights complaint on August 27, 2012. (Doc. 1.) McMillian's original complaint was an 80 page document which contains more than 195 separately numbered paragraphs averring factual matters and legal claims. (Id.) The complaint named some 51 defendants. Fourteen of these defendants are anonymous and are only identified as "John Doe." (Id.) Five of these defendants were employed at, located at, and alleged to have taken actions at SCI Graterford, a facility which is located within the venue of the United States District Court for the Eastern District of Pennsylvania. (Id., ¶¶33-37.) Another fourteen of these defendants were then named in this complaint simply on what McMillian

describes as supervisory liability, or because McMillian alleges that they failed to adequately investigate his various formal and informal complaints.[1]

Along with this complaint, the plaintiff filed a motion for leave to proceed *in forma pauperis*. (Doc. 7.) On September 20, 2012, we recommended that the court dismiss a number of the claims and defendants set forth in the complaint, for failure to presently state a claim upon which relief can be granted, without prejudice to allowing the plaintiff to attempt to correct the deficiencies noted in this report and recommendation by filing an amended complaint. (Doc. 11.) Specifically, we recommended dismissal of the following claims and defendants: (1) McMillian's supervisory liability and failure to investigate claims against defendants Walsh, Brittin, Moiser, Demming, Tera, Keller, Buck, Detrett, Josewicz, Dingler, Judge, Wenerowicz, Hoover, and Papalinous; (2) all claims based solely upon allegations of verbal abuse; (3) all claims arising out of events which are alleged to have occurred prior to August 27, 2010; and (4) all claims and parties involving conduct at SCI Graterford, which is located within the venue of the United States District Court for the Eastern District of Pennsylvania, including all claims against defendants Wenerowicz, Drissel, and Van Cliff. (Id.)

---

[1] These defendants include defendants Walsh, Brittin, Moiser, Demming, Tera, Keller, Buck, Detrett, Josewicz, Dingler, Judge, Wenerowicz, Hoover, and Papalinous.

On December 17, 2012, the district court adopted this Report and Recommendation, and dismissed these claims and parties, without prejudice to McMillian endeavoring to amend his complaint within 20 days. (Doc. 20.) McMillian has now allowed this deadline to pass without action on his part. Therefore, it is recommended that these defendants be dismissed with prejudice, and that McMillian's complaint should be served upon the remaining defendants.

## II. Discussion

In this case, McMillian was given this opportunity to further amend his complaint, but has now forfeited this opportunity through his inaction. In this situation, where meritless claims in a deficient complaint are dismissed without prejudice but the *pro se* plaintiff refuses to timely amend the complaint, it is well within the court's discretion to dismiss the complaint with prejudice given the plaintiff's refusal to comply with court directives. Indeed, the precise course was endorsed by the United States Court of Appeals for the Third Circuit in Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). In Pruden, the appellate court addressed how district judges should exercise discretion when a *pro se* plaintiff ignores instructions to amend a complaint. In terms that are equally applicable here the court observed that:

> The District Court dismissed the complaint without prejudice and allowed [the *pro se* plaintiff] twenty days in which to file an amended complaint. [The *pro se* plaintiff] failed to do so. Because [the *pro se* plaintiff] decided not to amend his complaint in accordance with the Federal Rules of Civil Procedure, we conclude that the District Court did not abuse its discretion when it dismissed [the *pro se* plaintiff's] complaint with prejudice. See In re Westinghouse Securities Litigation, 90 F.3d 696, 704 (3d Cir.1996). The District Court expressly warned [the *pro se* plaintiff] that the failure to amend his complaint would result in dismissal of the action with prejudice. "[I]t is difficult to conceive of what other course the court could have followed." Id. (quoting Spain v. Gallegos, 26 F.3d 439, 455 (3d Cir.1994)).

Pruden v. SCI Camp Hill, 252 F. App'x 436, 438 (3d Cir. 2007). Therefore, consistent with the teachings in Pruden, it is recommended that the deficient claims in this complaint be dismissed as frivolous for failure to state a claim without further leave to amend.

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be dismissed with prejudice with respect to the following claims and parties:

1. McMillian's claims against defendants Walsh, Brittin, Moiser, Demming, Tera, Keller, Buck, Detrett, Josewicz, Dingler, Judge, Wenerowicz, Hoover, and Papalinous.

2. All claims based solely upon allegations of verbal abuse.

3. All claims arising out of events which are alleged to have occurred prior to August 27, 2010.

4. All claims and parties involving conduct at SCI Graterford, which is located within the venue of the United States District Court for the Eastern District of Pennsylvania, including all claims against defendants Wenerowicz, Drissel, and Van Cliff.

IT IS FURTHER RECOMMENDED that the complaint be served upon the remaining defendants, and that McMillian's motion for clarification, (Doc. 30.),which seeks information regarding service of the complaint, be DISMISSED as moot.

The Parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive

further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 30th day of April 2013.

             ***<u>S/Martin C. Carlson</u>***
             Martin C. Carlson
             United States Magistrate Judge