# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CORLIVEETHO McMILLAN,** | : | **CIVIL ACTION NO. 1:12-CV-1707** |
| Plaintiff | : | |
| | : | **(Judge Conner)** |
| v. | : | |
| | : | |
| **JEROME WALSH**, *et al.*, | : | |
| Defendants | : | |

## **ORDER**

AND NOW, this 10th day of June, 2013, upon consideration of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson (Doc. 31), recommending that plaintiff's complaint (Doc. 1) be dismissed with prejudice with respect to (1) claims against defendants Walsh, Brittin, Moiser, Demming, Tera, Keller, Buck, Detrett, Josewicz, Dingler, Judge, Wenerowicz, Hoover and Papalinous, (2) all claims based solely upon allegations of verbal abuse, (3) all claims arising out of events which are alleged to have occurred prior to August 27, 2010, and (4) all claims and parties involving conduct at SCI Graterford, including all claims against defendants Wenerowicz, Drissel and Van Cliff, and, following an independent review of the record, it appearing that neither party has objected to the magistrate judge's report and

recommendation, and that there is no clear error on the face of the record,[1] see Nara v. Frank, 488 F.3d 187, 194 (3d Cir. 2007) (explaining that "failing to timely object to [a report and recommendation] in a civil proceeding may result in forfeiture of *de novo* review at the district court level"), it is hereby ORDERED that:

1. The Report and Recommendation of Magistrate Judge Carlson (Doc. 31) are ADOPTED.

2. Plaintiff's complaint is DISMISSED with prejudice with respect to the following claims and parties:

   a. Claims against Defendants Walsh, Brittin, Moiser, Demming, Tera, Keller, Buck, Detrett, Josewicz, Dingler, Judge, Wenerowicz, Hoover and Papalinous;

   b. All claims based solely upon allegations of verbal abuse.

   c. All claims arising out of events which are alleged to have occurred prior to August 27, 2010.

---

[1] When parties fail to file timely objections to a magistrate judge's report and recommendation, the Federal Magistrates Act does not require a district court to review the report before accepting it. Thomas v. Arn, 474 U.S. 140, 149 (1985). As a matter of good practice, however, the Third Circuit expects courts to "afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). The advisory committee notes to Rule 72(b) of the Federal Rules of Civil Procedure indicate that "[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; see also Henderson, 812 F.2d at 878-79 (stating that "the failure of a party to object to a magistrate's legal conclusions may result in the loss of the right to de novo review in the district court"); Tice v. Wilson, 425 F. Supp. 2d 676, 680 (W.D. Pa. 2006) (holding that the court's review is conducted under the "plain error" standard); Cruz v. Chater, 990 F. Supp. 375-78 (M.D. Pa. 1998) (holding that the court's review is limited to ascertaining whether there is "clear error on the face of the record"); Oldrati v. Apfel, 33 F. Supp. 2d 397, 399 (E.D. Pa. 1998) (holding that the court will review the report and recommendation for "clear error"). The court has reviewed the magistrate judge's report and recommendation in accordance with this Third Circuit directive.

2

  d. All claims and parties involving conduct at SCI Graterford, which is located within the venue of the United States District Court for the Eastern District of Pennsylvania, including all claims against Defendants Wenerowicz, Drissel and Van Cliff.

3. The Clerk of Court is DIRECTED to provide service copies of the complaint (Doc. 1) to the United States Marshal for service on all remaining defendants.

4. Plaintiff's motion for clarification (Doc. 30), is DISMISSED as moot.

5. The above-captioned case is REMANDED to Magistrate Judge Carlson for further proceedings.


             S/ Christopher C. Conner
             CHRISTOPHER C. CONNER
             United States District Judge